FILED

MAR 0 8 2011

U.S. DISTRICT COURT
MARTINSBURG, WV 25401

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(Martinsburg Division)

| | |
|---|---|
| ARIELLE JORDAN A/K/A QUEEN, <br> and PATRICE RUFFIN A/K/A KARMA <br><br>     On Behalf of Themselves and <br>     All Others Similarly situated, <br><br>         PLAINTIFFS <br><br> v. <br><br> ENTERTAINMENT OF THE EASTERN <br> PANHANDLE, INC., d/b/a THE LEGZ <br> CLUBS, <br><br> THE LEGZ CLUB, INC., <br><br> LEGZ MORGAN TOWN, INC.. <br> d/b/a THE LEGZ CLUBS, <br><br> and <br><br> TROY W. ERICKSON, <br><br>         DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Case No.: _3:11CV19_<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

    1.    Plaintiffs Arielle Jordan a/k/a exotic dancer "Queen" ("Ms. Jordan") and Patrice

Ruffin a/k/a exotic dancer "Karma" ("Ms. Ruffin") (together, "Plaintiffs") by and through their

undersigned counsel, on behalf of themselves and all others similarly situated, hereby submit

their Complaint against Defendants Entertainment of the Eastern Panhandle, Inc. d/b/a The Legz

Clubs ("EEP"), The Legz Club, Inc. d/b/a The Legz Clubs ("LC"),  Legz Morgantown, Inc.

("LM"), and Troy W. Erickson ("Erickson") (collectively, "Defendants")  to recover damages

under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"); and

under West Virginia Wage Payment and Collection Act, W.Va. Code § 21-5-1, *et seq.* (WPCA).

**JURISDICTION**

2.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), as Plaintiffs raise claims under the FLSA, and pursuant to 28 U.S.C. § 1331, as Plaintiffs raise claims arising under an act of Congress.

3.     This Court has supplemental has jurisdiction over Plaintiffs' state law claims, as those claims are so related to Plaintiffs' federal law claims that they form part of the same case or controversy.

4.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5.     Plaintiff Arielle Jordan is an adult resident of the Commonwealth of Virginia.

6.     Plaintiff Patrice Ruffin is an adult resident of the State of Maryland.

7.     Defendant Entertainment of the Eastern Panhandle, Inc. ("EEP") is a corporation formed under the laws of the State of West Virginia with its principal place of business located in Martinsburg, West Virginia.

8.     Defendant the Legz Club, Inc. ("LC") is a corporation formed under the laws of the State of West Virginia with its principal place of business located in Martinsburg, West Virginia.

9.     Defendant Legz Morgan Town, Inc. ("LM") is a corporation formed under the laws of the State of West Virginia with its principal place of business in Morgantown, West Virginia.

10.     At all times relevant to this action, Decedents EEP, LC, and LM acted as a single enterprise doing business in Martinsburg, West Virginia, Ridgeley, West Virginia, and Morgantown, West Virginia doing business as "Legz," or "The Legz, Club."

11.     Defendants, as an enterprise, operated night clubs engaged in the business of serving food and spirituous beverages and featuring all nude and semi-nude exotic dancers.

12.     Defendant Troy W. Erickson ("Erickson") was and is an officer in the management of each of Defendants EEP, LC and LM.

13.     At all times relevant to this action, Defendants were, collectively, Plaintiffs' "employer" for purposes of the FLSA.

14.     At all times relevant to this action, Defendants were, collectively, Plaintiff's "employer" for purposes of the WPCA.

15.     During Plaintiffs' employment, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

16.     At all times relevant to this action, Defendants were as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

17.     At all times relevant to this action, Plaintiffs were individual employees engaged in commerce or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206-207.

## STATEMENT OF FACTS

18.     At all times relevant to this action, each Defendant suffered or permitted Plaintiffs to work.

19.     Ms. Jordan was employed Defendants from about February 2009 through March 2010.

20.     At all relevant times, Ms. Jordan's primary job duty was as an exotic dancer at Defendants' Legz Nightclub in Martinsburg, West Virginia.

21.     During her term of employment, Ms. Jordan regularly worked about four (4) nights per week.

22.     Ms. Ruffin was employed by Defendants from about November 2008 through March 2010.

23.     At all relevant times, Ms. Ruffin's primary job duty was as an exotic dancer at Defendants' Legz Nightclub in Martinsburg, West Virginia.

24.     During her term of employment, Ms. Ruffin regularly worked about five (5) nights per week.

25.     At all times relevant to this action, Plaintiffs performed work duties at Defendants' Legz exotic dance club in Martinsburg, West Virginia.

26.     For each evening shift, Defendants required that Plaintiffs arrive at work at about 6:30 PM and allowed Plaintiffs to conclude their work duties at about 3:30 AM.

27.     Defendants required other exotic dancers to work shifts of defined hours.

28.     At all times throughout each Plaintiff's employment with Defendants, Defendants did not pay either Plaintiff any wages for work duties she performed.

29.     At all times relevant to this action, Defendant did not pay other exotic dancers any wages for work duties they performed.

30.     At all times throughout each Plaintiff's employment with Defendants, Defendants implemented and utilized a system whereby each Plaintiff was required and compelled to pay to Defendants, out of her personal tips, $10.00 for each "private dance" performed by the Plaintiff.

31.     At all times relevant to this action, Defendants required other exotic dancers to pay to Defendants, out of the dancer's personal tips, $10.00 for each "private dance" performed by the dancer

32.     At all times throughout each Plaintiff's employment with Defendants, Defendants implemented and utilized a system whereby each Plaintiff was required and compelled to pay to Defendants, out of her personal tips, $40.00 for each session in the "Champaign Room."

33.     At all relevant to this action, Defendants required other exotic dancers to pay to Defendants, out of the dancer's personal tips, $40.00 for each session in the "Champaign Room."

34.     At all times throughout each Plaintiff's employment with Defendants, Defendants implemented and utilized a system whereby each Plaintiff was required and compelled to pay to Defendants, out of her personal tips, $30.00 for each session in the "shower show" performed by the Plaintiff.

35.     At all times relevant to this action, Defendants required other exotic dancers to pay to Defendants, out of the dancer's personal tips, $30.00 for each session in the "shower show" performed by the dancer.

36.     At all times throughout each Plaintiff's employment with Defendants, Defendants implemented and utilized a system whereby each Plaintiff was required and compelled to pay $10.00 each night to Defendants' bartender out of her personal tips.

37.     At all times relevant to this action, Defendants required other exotic dancers to pay $10.00 each night to Defendants' bartender out of the dancer's personal tips.

38.     At all times throughout each Plaintiff's employment with Defendants, Defendants implemented and utilized a system whereby each Plaintiff was required and compelled to pay $10.00 each night to Defendants' disk jockey out of her personal tips.

39.     At all times relevant to this action, Defendants required other exotic dancers to pay $10.00 each night to Defendants' disk jockey out of the dancer's personal tips.

40.     As a result of Defendant's system of requiring payments from Plaintiff and other

Page 5 of  10

dancers for work each performed, Defendant did not permit Plaintiff and other dancers to retain all tips each received from Defendant's patrons.

41.     Defendant failed to pay Plaintiff and other exotic dancers at an hourly rate at least equal to the Minimum Wage as set by the FLSA.

42.     Defendant required each Plaintiff to pay a penalty of $5.00 to $10.00 on any night that the Plaintiff arrived late for work.

43.     Defendant required other dancers to pay a penalty of $5.00 to $10.00 on any night that the dancer arrived late for work.

44.     Defendant did not have a written authorization, signed by either Plaintiff for the charges and penalties which Defendant required Plaintiff to pay to Defendant.

45.     Defendant did not have a written authorization signed by any other dancer for the charges and penalties which Defendant required the dancers to pay to Defendant.

## COUNT I
## (VIOLATION OF THE FLSA)

46.     This claim arises under the FLSA, 29 U.S.C. § 201, *et seq.*

47.     Plaintiffs bring this claim on behalf of themselves and other dancers similarly situated pursuant to 29 U.S.C. § 216(b).

48.     Defendants suffered or permitted Plaintiffs and other similarly situated dancers to work.

49.     Defendants were the employer of Plaintiffs and other exotic dancers within the meaning of the FLSA.

50.     Defendants were required by the FLSA to pay Plaintiffs and other dancers similarly situated no less than the minimum wage for each hours worked by the dancer.

51.    Defendants failed to pay Plaintiffs and other dancers similarly situated wages equal to at least the minimum wage for all hours worked, in violation of the FLSA.

52.    Defendants' violation of the FLSA was willful.

53.    As a result of Defendants' actions, Plaintiffs and others similarly situated have suffered injury.

**COUNT II**
**(VIOLATION OF THE WPCA)**

54.    This claim arises under the WPCA, W.Va. Code § 21-5-1, *et seq.*

55.    The charges which Defendants required Plaintiffs and other dancers similarly situated to pay for private dances, champagne room and late charges were assignments of wages within the meaning of the WPCA.

56.    Defendants' requirements that Plaintiffs and other dancers similarly situated $10.00 to Defendants' bartender and $10.00 to defendants' disk jockey each night were assignments of wages within the meaning of the WPCA.

57.    Defendants did not have from either Plaintiff or any other dancer similarly situated the written authorization for wage assignments required by the WPCA, W.Va. Code § 21-5-3.

58.    As a result of the assignments of wages made by Defendants, Defendants failed to pay Plaintiffs and other dancers similarly situated all wages due to them as required by the WPCA.

59.    Defendants failed to pay Plaintiffs and other dancers similarly situated within the times required by the WPCA, W.Va. Code §§ 21-5-3, 21-5-4.

60.    As a result of Defendants' actions, Plaintiffs and others similarly situated have

Page 7 of 10

suffered injury.

## WPCA CLASS ACTION ALLEGATIONS

61.    Plaintiffs bring this claim under the WPCA on behalf of themselves and other

dancers who were required to pay Defendants charges for work performed, including charges for

private dances, champagne room performances, shower shows, disk jockey fees, bartender fees

and penalties including penalties for arriving late to work pursuant to Fed.R.Civ.P. 23.

62.    Joinder of all class members is impractical because, upon information and belief,

the number of class members is believed to exceed 100.

63.    The questions of law and fact regarding the lawfulness of the charges which

Defendants required Plaintiffs and others similarly situated to pay are common to the members

of the class.

64.    The claims of the Plaintiffs are typical of the claims of the class, as the policies at

issue were imposed upon all members of the class by Defendants.

65.    The defenses of the Defendants to the claims of the Plaintiffs are typical to the

claims of the class members.

66.    Plaintiffs will fairly and adequately protect the interests of the class.  Plaintiffs

have no conflict of interest with the class members.  Plaintiffs, the class representatives, are

represented by competent and experienced counsel who will vigorously prosecute this case.

67.    This action is properly maintained as a class action because the prosecution of

separate actions by individual members of the class would create a risk of the establishment of

inconsistent or varying adjudications with respect to individual class members and would

establish incompatible standards of conduct for the Defendant.  Fed.R.Civ.P. 23(b)(1)(A).

68.    This action is properly maintained as a class action because the adjudication of

claims of individual class members would, as a practical matter, substantially impair or impede the ability of other class members not parties to the individual adjudications to protect their interests. Fed.R.Civ.P. 23(b)(1)(B).

69.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy, as there will not be any substantial difficulties in managing this case as a class action, and judicial economy dictates in favor of litigating all of the claims in a single forum.  Upon information and belief no other litigation concerning this controversy has been commenced by any of the potential class members, and there is no significant reason that the individual class members need to control the litigation of this case.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiffs pray that the Court assume jurisdiction of this matter and enter an order:

a.     Permitting Plaintiffs' FLSA claim to proceed as a collective action on behalf of themselves and others similarly situated;

b.     Entering judgment awarding Plaintiffs and each member of the FLSA collective class her unpaid minimum wages and statutory liquidated damages pursuant to 29 U.S.C. § 216(b);

c.     Certifying Plaintiffs' WPCA claim as a class action pursuant to Fed.R.Civ.P. 23;

d.     Entering judgment awarding to Plaintiffs and each member of the WPCA class her unpaid wages plus statutory damages pursuant to W.Va. Code § 21-5-4;

e.     Awarding to Plaintiffs the costs of the action and a reasonable attorney's fee; and

f.     Awarding to Plaintiffs such other relief as the Court may deem just.

Respectfully submitted,

Counsel for Plaintiffs

Garry G. Geffert (W.Va. Bar # 1364)
114 S. Maple Ave.
P.O. Box 2281
Martinsburg, WV 25402
voice: (304) 262-4436
facsimile: (304) 596-2474
email: geffert@wvdsl.net

Gregg C. Greenberg (MD Fed. Bar #17291)
The Zipin Law Firm, LLC
8403 Colesville, Road, #610
Silver Spring, MD 20910
voice: (301) 587-9373
facsimile: (304) 587-9397
email: ggreenberg@zipinlaw.com

By:  /s/ Garry G. Geffert
        Garry G. Geffert

Date: March 8, 2011