IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| ARIELLE JORDAN and Others Similarly Situated, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No. 3:11-cv-19 |
| ENTERTAINMENT OF THE EASTERN PANHANDLE, ET AL. | * * * | |
| Defendant. | * | |

******************************************************************************

### PLAINTIFFS/COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANTS/COUNTERCLAIM PLAINTIFFS' COUNTERCLAIMS

Plaintiff/Counterclaim Defendant, Patrice Ruffin ("Ms. Ruffin"), by and through her undersigned counsel, hereby submits her Answer and Defenses to the Counterclaims brought against her by Defendant/Counterclaim Plaintiff Entertainment of the Eastern Panhandle, Inc. ("EEP"), the and Legz Morgantown, Inc. ("LMI") (together, "Defendants") as follows.

### PARTIES

1. Ms. Ruffin denies Defendants' allegations in paragraph 1 to the extent it refers to employees as "independent contractors."

2. Ms. Ruffin denies Defendants' allegations in paragraph 2 to the extent it refers to employees as "independent contractors."

3. Ms. Jordan has been terminated from this case, with prejudice.

4. Ms. Ruffin admits Defendants' allegations in paragraph 4.

5. Ms. Ruffin denies any counterclaim alleged by Defendants is meritorious or factually supportable against any Ms. Ruffin or future class members.

## **FACTS**

6. Ms. Ruffin admits Defendants' allegations in paragraph 4.

7. Ms. Ruffin denies Defendants' allegations in paragraph 5.

8. Ms. Ruffin admits Defendants' allegations in paragraph 6 but denies that she legally waived any rights to compensation from Defendants as set forth under Federal or West Virginia Law. Ms. Ruffin further denies the allegations in this paragraph relieved Defendants of their legal obligation to compensate her in compliance with Federal and West Virginia wage laws.

9. Ms. Ruffin denies Defendants' allegations in paragraph 9.

10. Ms. Ruffin admits Defendants' allegations in paragraph 10 but denies that she legally waived any rights to compensation from Defendants as set forth under Federal or West Virginia Law. Ms. Ruffin further denies the allegations in this paragraph relieved Defendants of their legal obligation to compensate her in compliance with Federal and West Virginia wage laws.

11. Ms. Ruffin denies Defendants' allegation in paragraph 11. Ms. Ruffin further denies any suggestion in this paragraph that her work relationship with Defendants was anything other than an employee and employer relationship subject to Federal and West Virginia laws governing such a relationship.

12. Ms. Ruffin denies Defendants' allegation in paragraph 12. Ms. Ruffin further denies any suggestion in this paragraph that her work relationship with Defendants was anything other than an employee and employer relationship subject to Federal and West Virginia laws governing such a relationship. Ms. Ruffin further denies that the entire sum paid by Defendants' patrons or customers was anything other than a gratuity to Ms. Ruffin and states affirmatively that Defendants did in fact compel Ms. Ruffin to pay a portion of her gratuity received from the patron or customer to Defendants.

13.     Ms. Ruffin admits Defendants' allegations in paragraph 13.

14.     Ms. Ruffin denies Defendants' allegation and/or suggestion in paragraph 14 that the entire sum paid by Defendants' patrons or customers was anything other than a gratuity to Ms. Ruffin and that Defendants did in fact compel Ms. Ruffin to pay a portion of her gratuity received from the patron or customer to Defendant. Ms. Ruffin further rejects and denies Defendants' allegation and/or suggestion that her paying a portion of her gratuities to Defendant was voluntary as it was not.

15.     Ms. Ruffin denies Defendants' allegations in paragraph 15 that Defendants' rules of continued employment with Defendants is classified as an agreement as if to suggest that Ms. Ruffin's work relationship with Defendants was anything other than an employee and employer relationship subject to Federal and West Virginia laws governing such a relationship.

16.     Ms. Ruffin denies Defendants' allegations in paragraph 16 that Defendants' rules of continued employment with Defendants is classified as an agreement as if to suggest that Ms. Ruffin that Ms. Ruffin's work relationship with Defendants was anything other than an employee and employer relationship subject to Federal and West Virginia laws governing such a relationship. Ms. Ruffin further denies she agreed to pay Defendants any portion of her gratuities but rather that such a payment by Ms. Ruffin to Defendants was a charge, fee, or deduction that Defendants' compelled Ms. Ruffin to pay Defendants out of her personal gratuities from Defendants' patrons.

17.     Ms. Ruffin admits she received monies from Defendants' patrons in excess of $30.00 each month of employment but denies Defendants allowed Ms. Ruffin to retain all tips received from Defendants' patrons. To the contrary, Defendants charged or deducted a portion of Ms. Ruffin's gratuities by compelling Ms. Ruffin to pay a portion of her tips directly back to Defendants.

18.     Ms. Ruffin denies Defendants' allegations in paragraph 18 and further denies any

3

allegation or suggestion by Defendants that Defendants were not responsible for controlling and setting Ms. Ruffin's employment schedule with Defendants.

19.     Ms. Ruffin denies Defendants' allegations in paragraph 19 and further denies any allegation or suggestion by Defendants that Defendants were not responsible for controlling and setting Ms. Ruffin's employment schedule with Defendants.

20.     Ms. Ruffin denies Defendants' allegations in paragraph 20 that Defendants' rules of continued employment with Defendants is classified as an agreement as if to suggest that Ms. Ruffin that Ms. Ruffin's work relationship with Defendants was anything other than an employee and employer relationship subject to Federal and West Virginia laws governing such a relationship.

21.     Ms. Ruffin denies Defendants' allegations in paragraph 21 that Defendants' rules of continued employment with Defendants is classified as an agreement as if to suggest that Ms. Ruffin that Ms. Ruffin's work relationship with Defendants was anything other than an employee and employer relationship subject to Federal and West Virginia laws governing such a relationship.  Ms. Ruffin further denies any allegation by Defendants that Ms. Ruffin was not an employee of Defendants or that Ms. Ruffin was an independent contractor.

21 [In Defendants Counterclaim, Defendants identify this paragraph on accident as paragraph 21].     Ms. Ruffin admits that Defendants compelled her to sign documents purporting to be the documents Defendants describe in paragraph 21.  Ms. Ruffin however denies such documents are valid or enforceable waivers of Ms. Ruffin's right and Defendants' legal obligation to compensate Ms. Ruffin as an employee under Federal and West Virginia law.  Ms. Ruffin further denies any allegation by Defendant that Ms. Ruffin was not an employee of Defendants or that Ms. Ruffin was an independent contractor.

22.     Ms. Ruffin admits that Defendants compelled her to obtain described in paragraph 22.

Ms. Ruffin however denies such documents are valid or enforceable waivers of Ms. Ruffin's right and Defendants' legal obligation to compensate Ms. Ruffin as an employee under Federal and West Virginia law. Ms. Ruffin further denies any allegation by Defendant that Ms. Ruffin was not an employee of Defendants or that Ms. Ruffin was an independent contractor.

23. Ms. Ruffin denies the Defendants' allegations in paragraph 23.

24. Ms. Ruffin admits that Defendants paid Ms. Ruffin no wages throughout the course of her employment and that all monies Ms. Ruffin received over the course of her employ with Defendants were wholly and completely as a result of gratuities from Defendants' patrons. Ms. Ruffin however denies she validly or legally waived her right and Defendants' legal obligation to compensate Ms. Ruffin as an employee under Federal and West Virginia law. Ms. Ruffin further denies any allegation by Defendant that Ms. Ruffin was not an employee of Defendants or that Ms. Ruffin was an independent contractor.

25. Ms. Ruffin admits that Defendants paid Ms. Ruffin no wages throughout the course of her employment and that all monies Ms. Ruffin received over the course of her employ with Defendants were wholly and completely as a result of gratuities from Defendants' patrons. Ms. Ruffin however denies she validly or legally waived her right and Defendants' legal obligation to compensate Ms. Ruffin as an employee under Federal and West Virginia law. Ms. Ruffin further denies any allegation by Defendant that Ms. Ruffin was not an employee of Defendants or that Ms. Ruffin was an independent contractor.

26. Ms. Ruffin admits that at all times relevant, Ms. Ruffin was over the age of eighteen (18) and under no legal disability. Ms. Ruffin, however, denies she had the capacity to waive her rights to minimum wage payments. Ms. Ruffin further denies she validly or legally waived her right and Defendants' legal obligation to compensate Ms. Ruffin as an employee under Federal and West

Virginia law.  Ms. Ruffin further denies any allegation by Defendant that Ms. Ruffin was not an employee of Defendants or that Ms. Ruffin was an independent contractor.

27.    Ms. Ruffin denies she validly or legally waived her right and Defendants' legal obligation to compensate Ms. Ruffin as an employee under Federal and West Virginia law.  Ms. Ruffin further denies any allegation by Defendant that Ms. Ruffin was not an employee of Defendants or that Ms. Ruffin was an independent contractor.

28.    Ms. Ruffin denies Defendants' allegations in paragraph 28.

29.    Ms. Ruffin denies Defendants' allegations in paragraph 29 that Defendants allowed Ms. Ruffin to retain all tips received from Defendants' patrons.  To the contrary, Defendants charged, feed, or deducted a portion of Ms. Ruffin's gratuities by compelling Ms. Ruffin to pay a portion of her tips directly back to Defendants.

30.    Ms. Ruffin denies Defendants' allegations in paragraph 30.  To the contrary, had Defendants complied with the Minimum Wage requirements, Defendants would have paid Ms. Ruffin at an hourly rate not less than the applicable minimum wage and Ms. Ruffin would have been entitled to keep all gratuities received from Defendants' patrons without paying Defendants' fines or Defendants compelling Ms. Ruffin to pay a portion of her tips directly back to Defendants.

31.    Ms. Ruffin denies Defendants' allegation in paragraph 31.

32.    Ms. Ruffin denies Defendants' allegations in paragraph 32.

33.    Ms. Ruffin denies Defendants' allegations in paragraph 33.

34.    Ms. Ruffin denies Defendants' allegations in paragraph 34.

35.    Ms. Ruffin denies Defendants' allegations in paragraph 35.

36.    Ms. Ruffin denies Defendants' allegations in paragraph 36.  To the contrary, had Defendants complied with the Minimum Wage requirements, Defendants would have paid Ms.

Ruffin at an hourly rate not less than the applicable minimum wage and Ms. Ruffin would have been entitled to keep all gratuities received from Defendants' patrons without paying Defendants' fines or Defendants compelling Ms. Ruffin to pay a portion of her tips directly back to Defendants.

37. Ms. Ruffin denies Defendants' allegations in paragraph 37. To the contrary, had Defendants complied with the Minimum Wage requirements, Defendants would have paid Ms. Ruffin at an hourly rate not less than the applicable minimum wage and Ms. Ruffin would have been entitled to keep all gratuities received from Defendants' patrons without paying Defendants' fines or Defendants compelling Ms. Ruffin to pay a portion of her tips directly back to Defendants.

## FIRST COUNTERCLAIM COUNT- CONVERSION

38. Ms. Ruffin incorporates by reference his responses to Paragraphs 1 through 37 in response to Defendants' incorporation of allegations in paragraph 38 of the counterclaim.

39. Ms. Ruffin admits that she was at all times an employee of Defendants but does not have information at this time to admit or deny Defendants' allegations in paragraph 39.

40. Ms. Ruffin denies Defendants' allegations in paragraph 40.

41. Ms. Ruffin denies Defendants' allegations in paragraph 43.

42. Ms. Ruffin denies Defendants' allegations in paragraph 42.

43. Ms. Ruffin does not have information at this time to admit or deny Defendants' legal position – as opposed to factual allegation - - alleged in paragraph 33.

44. Ms. Ruffin denies Defendants' allegation in paragraph 44.

## SECOND COUNTERCLAIM COUNT- BREACH OF CONTRACT

45. Ms. Ruffin incorporates by reference his responses to Paragraphs 1 through 44 in response to Defendants' incorporation of allegations in paragraph 45 of the counterclaim.

46. Ms. Ruffin denies Defendants' allegations in paragraph 46 to the extent this

paragraph suggests or alleges that a valid and enforceable contract existed between Ms. Ruffin and Defendants.

47. Ms. Ruffin denies Defendants' allegations in paragraph 47 to the extent this paragraph suggests or alleges that a valid and enforceable contract existed between Ms. Ruffin and Defendants.

48. Ms. Ruffin denies Defendants' allegations in paragraph 48 to the extent this paragraph suggests or alleges that a valid and enforceable contract existed between Ms. Ruffin and Defendants. Ms. Ruffin further denies any suggestion or allegation that at any time she was an independent contractor and not an employee of Defendants

49. Ms. Ruffin does not have sufficient information to admit or deny Defendants' allegations in paragraph 49. Ms. Ruffin denies, however, that it was or is reasonable for Defendants to believe that Ms. Ruffin was not an employee of Defendants.

50. Ms. Ruffin denies Defendants' allegations in paragraph 50.

51. Ms. Ruffin denies Defendants' allegations in paragraph 51 to the extent this paragraph suggests or alleges that a valid and enforceable contract existed between Ms. Ruffin and Defendants.

52. Ms. Ruffin denies Defendants' allegations in paragraph 52.

53. Ms. Ruffin denies Defendants' allegations in paragraph 53.

## **THIRD COUNTERCLAIM COUNT- FRAUD**

54. Ms. Ruffin incorporates by reference his responses to Paragraphs 1 through 53 in response to Defendants' incorporation of allegations in paragraph 54 of its counterclaim.

55. Ms. Ruffin denies Defendants' allegations in paragraph 55.

56. Ms. Ruffin denies Defendants' allegations in paragraph 56.

57. Ms. Ruffin denies Defendants' allegations in paragraph 57.

58. Ms. Ruffin denies Defendants' allegations in paragraph 58.

59. Ms. Ruffin denies Defendants' allegations in paragraph 59.

60. Ms. Ruffin denies Defendants' allegations in paragraph 60.

61. Ms. Ruffin denies Defendants' allegations in paragraph 61.

62. Ms. Ruffin denies Defendants' allegations in paragraph 62.

## FOURTH COUNTERCLAIM COUNT- UNJUST ENRICHMENT & QUANTUM MERUIT – AND FOR AN ACCOUNTING

63. Ms. Ruffin incorporates by reference his responses to Paragraphs 1 through 62 in response to Defendants' incorporation of allegations in paragraph 63 of its counterclaim.

64. Ms. Ruffin denies Defendants' allegations in paragraph 64. Ms. Ruffin further denies any suggestion or allegation by Defendants that Ms. Ruffin was at any time an independent contractor and not an employee of Defendants.

65. Ms. Ruffin does not have sufficient information to confirm or deny Defendants' allegations in paragraph 65.

66. Ms. Ruffin denies Defendants' allegations in paragraph 66.

67. Ms. Ruffin denies Defendants' allegations in paragraph 67.

## RESPONSES TO DEFENDANTS' PRAYER FOR RELIEF

Ms. Ruffin denies Defendants' need, entitlement, or right to relief requested in Defendants' prayer for relief.

## AFFIRMATIVE AND NEGATIVE DEFENSES

1. Defendants' counterclaim fails to state a claim upon which relief can be granted.

2. Defendants' counterclaim is bared by the equitable doctrines of unclean hands, estoppel, waiver, and laches.

3. To the extent that Defendants are entitled to any relief, such relief must be deducted from the substantial sums Defendants owe Ms. Ruffin as alleged in Ms. Ruffin's Complaint.

4. If Ms. Ruffin owed any duty to Defendant, such duty has been fully performed, satisfied, and/or discharged.

5. Any breach of any agreement by Ms. Ruffin is excused due to Defendants' prior material breach of agreements between Ms. Ruffin and Defendants.

6. Defendants' claims for relief against Ms. Ruffin are bared by applicable statutes of limitations.

7. Ms. Ruffin reserves the right to assert additional defenses, as appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Ruffin prays for judgment against Defendants as follows:

1. For an Order dismissing Defendants' counterclaims with prejudice, and entering judgment in favor of Ms. Ruffin and against Defendants;

2. For all costs, disbursements, and reasonable attorney's fees incurred by Ms. Ruffin in connection with the defense of Defendants' counterclaims; and

3. For any other such further relief this Court deems appropriate.

Respectfully submitted,

\_\_\_\_\_/s/_____
Garry G. Geffert (WV Bar # 1364)
114 S. Maple Avenue
P.O. Box 2281
Martinsburg, West Virginia 25402
(304) 262-4436

_____/s/_____
Gregg C. Greenberg, MD. Fed. Bar No. 17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email:  ggreenberg@zipinlaw.com

*Counsel for Plaintiff / Counterclaim Defendant*