IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(Martinsburg Division)

| | |
|---|---|
| PATRICE RUFFIN, *et al..* | * |
| | * |
| *On Behalf of Herself and* | * |
| *All Others Similarly Situated* | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *    Case No.: 3:11-cv-0019 |
| | * |
| ENTERTAINMENT OF THE EASTERN | * |
| PANHANDLE d/b/a LEGZ CLUBS, *et al.* | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Plaintiff Patrice Ruffin moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the counterclaims brought against her, and the class of similarly situated dancers she seeks to represent, by defendants Entertainment of the Eastern Panhandle, Inc. ("EEP") and Legz Morgantown, Inc. ("LMI"). The counterclaims are in the nature of claims for indemnification, which are not allowed in FLSA actions. In addition, the counterclaims are in essence an attempt by the defendants to impose on plaintiffs a waiver of their right to minimum levels of compensation under the FLSA. Such waivers have been prohibited for over sixty years.

   I.   **Standard of Review.**

For purposes of reviewing a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations contained in the counter-claim must be accepted as true. Advanced Health-Care Servs.,Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). "[A] motion to dismiss for failure to state a claim for relief should not

be granted unless it appears to a certainty that the [counter-claim] plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Johnson v. Mueller, 415 F.2d 354 (4th Cir. 1969).

## II. Defendants' counterclaims are prohibited attempts by the employers to get its employees to indemnify them for the employers' own violations of the FLSA.

In FLSA actions, counterclaims brought by a defendant employer which are in the nature of indemnification for the employer's violation of the FLSA are improper, and must be dismissed. Lyle v. Food Lion, Inc., 954 F.2d 984, 987 (4th Cir. 1992). Defendants' counterclaims fall within this prohibited class of claims.

Defendants EMI and LMI raise four counterclaims. The First Counterclaim is for conversion. Defendants allege that by keeping the minimum fees paid by customers, the plaintiff and other dancers converted property which belongs to them. Doc. 14, p. 19, ¶¶ 38-44.

Defendants' Second Counterclaim is for breach of contract. Defendants allege that plaintiff, and other dancers, each entered into a contract with them to be independent contractors and that, by making claims as FLSA employees, the plaintiff and others have breached those contracts. Doc. 14, p. 19, ¶¶ 45-53

The third counterclaim alleges that plaintiff, and other dancers, committed fraud by misrepresenting to defendant that their status was that of independent contractors, and not employees. Doc. 14, p. 19, ¶¶ 54 - 62.

Counterclaim Four claims that plaintiffs will be unjustly enriched if the recover on the FLSA claims, because defendant failed to collect revenues to which it would have been entitled but for the independent contractor agreements. Doc. 14, p. 19, ¶¶ 63-66.

The relief which defendants request for these counterclaims is a return of all performance fees, a set-off, and "an accounting and an award of all minimum private and semi-private dance entertainment fees obtained by the Entertainers" Doc. 14, Prayer for Relief, ¶¶ a, b and ¶ 67.

The crux of plaintiff's claims is that she, and other dancers, were misclassified as independent contractors, when they were employees with in the meaning of the FLSA. By their counterclaims, defendants seek to recover from plaintiffs the FLSA damages which will be awarded to them if their suit is successful. Defendants' counterclaims are no more than claims for indemnification.

<u>Lyle v. Food Lion, Inc.</u>, 954 F.2d 984 (4th Cir. 1992) involved two hourly workers, one of whom was a manager, who were given specific times within which to perform specific tasks. Food Lion also restricted the total number of hours that could be worked in a week, with the goal of minimizing the amount of overtime. Food Lion also prohibited workers from working "off the clock." Because the workers were unable to complete the tasks within the time allotted, they worked "off clock" anyway, fearful that they would lose their jobs if they did not complete their tasks within the scheduled time. The workers sued under the FLSA to recover overtime wages for the hours worked "off the clock."

Food Lion filed counterclaims, and a third party complaint, alleging that the manager had breached his employment contract, and had violated his fiduciary duty to Food Lion by violating the Food Lion's "off the clock" policies, and by allowing an employee under his supervision to violate those policies. The district court dismissed the counterclaim and third party complaint, and the Court of Appeals affirmed. The Court of Appeals said:

In effect, Food Lion sought to indemnify itself against Tew for its own violation of the

> FLSA, which the district court found, and we agree, is something the FLSA simply will not allow. As the Fifth Circuit has noted, "to engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the Supremacy Clause of the Constitution" and "would undermine employers' incentives to abide by the Act." LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1264 (5th Cir. 1986).

Lyle, *supra*, 954 F.2d at 997.  See also Martin v.Gingerbread House, Inc., 977 F.2d 1405, 1408 (10th Cir. 1992) (third-party complaint seeking indemnity from employees for FLSA violations is preempted).

Here, defendants seek compensation from plaintiffs indemnify themselves for their failure to properly classify and compensation the plaintiff dancers.  Those claims are improper and must be dismissed.

### III. Defendants' counterclaims must be dismissed because they are prohibited efforts to obtain waivers of the plaintiffs' FLSA rights.

The underlying notion of each of defendants' counterclaims is that plaintiffs agreed to be treated as independent contractors, and not FLSA employees, and so waived their right to the protections of the FLSA.  However, "[t]he right to a minimum wage under the Fair Labor Standards Act cannot be waived by agreement between the employee and his employer. Brooklyn Bank v. O'Neil, 324 U.S. 697, 65 S. Ct. 895, 89 L.Ed. 1296 (1945)" Mayhue's Super Liquor Stores, Inc.  v. Hodgson, 464 F.2d 1196, 1197 and n.1 (5th Cir. 1972).

Over sixty years ago, the Supreme Court explained:

The legislative history of the Fair Labor Standards Act shows an intent on the part of Congress to protect certain groups of the population from sub-standard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. n17 The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate  commerce.  To accomplish this purpose standards of minimum wages

> and maximum hours were provided.  Neither petitioner nor respondent suggests that the right to the basic statutory minimum wage could be waived by any employee subject to the Act.  No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act.

Brooklyn Bank v. O'Neil, 324 U.S. 697, 706-707 (1945) (footnote omitted).  *See also* Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.")

In Mayhue's Super Liquor, cashiers agreed that the would reimburse the employer for any cash register shortages.  The reimbursements, however, resulted in the employees being paid less than the minimum wage.  The court held that because the agreement resulted in cashiers being paid less than the minimum wage, the agreement violated the FLSA, and was invalid.[1]

Similarly, the defendants here assert that the plaintiff dancers entered into an agreement to waive the minimum wage and overtime protections of the FLSA by agreeing to be treated as independent contractors.  That agreement, too, is invalid.

Defendants also seek an accounting of the dance fees collected by plaintiffs.  In effect, the defendants ask that the plaintiffs be required to perform the task of record keeping of employee time and earnings.  That duty, however, is placed squarely on the employer.  29 U.S.C. § 211( c).  Any attempt to shift the record keeping burden to the employee is improper.

In a case decided over sixty years ago, the Supreme Court addressed an employer's argument that an employee seeking to recover under the FLSA had to prove, by detailed records, that he was not properly paid for all hours worked.  The Court rejected this argument, explaining:

---

[1] There was no allegation that cashiers were stealing from the cash registers.

> Due regard must be given to the fact that it is the employer who has the duty under § 11 (c) of the Act [29 U.S.C. § 211( c)] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed.

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946). Because the duty to keep records is the duty of the employer, the Court held that employees may not be penalized for failing to keep those records themselves. Where there are inadequate records, the Court said:

> . . . The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence [*688] to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

Anderson, *supra*, 328 U.S. at 687-88 (citation omitted).

A counterclaim seeking an accounting is nothing more than an attempt to shift to employees a record keeping duty that for over sixty years has been imposed upon the employer. For this reason, too, defendants' counterclaim must be dismissed.

## **CONCLUSION**

For the reasons stated above, defendants' counterclaims should be dismissed, with prejudice.

> Respectfully submitted,
>
> Counsel for Plaintiff and Counter-Claim Defendant

        Garry G. Geffert (W.Va. Bar # 1364)
        114 S. Maple Avenue
        P.O. Box 2281
        Martinsburg, WV 25402
        Voice: (304) 262-4436
        Fax:   (304) 596-6036
        Email: geffert@wvdsl.net

        Gregg C. Greenberg, Esq. Bar No.17291
        The Zipin Law Firm, LLC
        8403 Colesville Road, Suite 610
        Silver Spring, Maryland 20910
        Phone: 301-587-9373
        Fax: 301-587-9397
        Email: ggreenberg@zipinlaw.com

        By: _/s/ Garry G. Geffert_____

        Date: September 28, 2011

## CERTIFICATE OF SERVICE

      I CERTIFY that I have on September 28, 2011, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of the filing to:

| | |
|---|---|
| Harry A. Smith, III | J. Michael Murry |
| McNeer, Highland, McMunn & Varner, LC | Raymond V. Vasvari, Jr. |
| P.O. Box 1909 | Berkman, Gordon, Murray & DeVan |
| Elkins, WV 26241 | 55 Public Square, Suite 2200 |
| | Cleveland, OH 44113-1949 |

        _/s/ Garry G. Geffert_____
        Garry G. Geffert