IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

PATRICE RUFFIN, a/k/a "KARMA,"

        Plaintiff,

v.                                                                                                      Civil Action No. 3:11-CV-19
                                                                                                           (BAILEY)

ENTERTAINMENT OF THE EASTERN
PANHANDLE, d/b/a THE LEGZS CLUBS, et al.,

        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF THE FLSA STATUTE OF LIMITATIONS

Pending before this Court is the plaintiff's Motion for Equitable Tolling of the FLSA Statute of Limitations [Doc. 60], filed December 30, 2011. Specifically, the plaintiffs ask this Court to toll the statute of limitations for claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, pending a decision on the plaintiff's Motion to Facilitate Identification and Notification of Similarly Situated Employees **[Doc. 27]**. For the reasons that follow, this Court concludes that the plaintiff's motion should be **GRANTED**.

## BACKGROUND

In this action, plaintiff Patrice Ruffin a/k/a "Karma" ("Ruffin"), an exotic dancer, has sued her former exotic dance club, Entertainment of the Eastern Panhandle, Inc., d/b/a The Legz Clubs, among others (the "defendants"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and West Virginia Wage Payment and Collection Act ("WPCA"), W.Va. Code § 21-5-1, *et seq.* [Doc. 48]. Regarding the FLSA, Ruffin claims that though she was treated as an employee, she was not paid a minimum wage. (Id. at ¶¶ 42-

1

49). In this regard, Ruffin has filed a Motion to Facilitate Identification and Notification of Similarly Situated Employees [Doc. 27], which asks this Court to, *inter alia*, conditionally certify her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b).

The defendants have asserted the following four counterclaims: (1) conversion, (2) breach of contract, (3) fraud, and (4) unjust enrichment / accounting [Doc. 52]. The claims seek either an offset against any award of wages by the amount of private and semi-private performance fees Ruffin was allowed to keep as a result of allegedly electing to be classified as an independent contractor, or the return of those private and semi-private performance fees. (Id. at 26-27). The defendants also seek an accounting of the private and semi-private performance fees retained by Ruffin and the tips collected by Ruffin. (Id. at 27). Subsequently, this Court dismissed the defendants' claims for conversion, fraud, and an accounting, while allowing their claims for breach of contract and unjust enrichment to proceed "to the extent that they seek an offset of performance fees against any award of minimum wages, assuming the defendants can prove that those performance fees constituted service charges as opposed to tips." ([Doc. 53] at 10).

Shortly thereafter, this Court ordered that a status conference be held at which counsel agreed that a setoff could have an impact on the viability of Ruffin's FLSA claim [Doc. 59]. As a result, the Court concluded that the setoff issue should be decided prior to any determination of whether an FLSA should be conditionally certified. Accordingly, the Court ordered the plaintiff to file a motion for partial summary judgment on the FLSA setoff issue on or before January 16, 2012, while permitting the defendants to file a response on or before February 28, 2012. (Id. at 1). As a final matter, Ruffin's counsel noted their concern that the claims of putative similarly-situated plaintiffs would become untimely

before the FLSA setoff issue reached a resolution. As a solution, Ruffin's counsel proposed that the Court apply equitable tolling. Accordingly, the Court ordered the plaintiff to brief the equitable tolling issue by December 30, 2011. (Id. at 2).

On December 30, 2011, Ruffin filed the instant Motion for Equitable Tolling of the FLSA Statute of Limitations [Doc. 60]. In support of her motion, Ruffin argues that equitable tolling should be applied when claims of absent class members would otherwise be lost due to delays in adjudicating whether conditional certification should be granted. ([Doc. 61] at 6-7).

## DISCUSSION

### I. Applicable Standard

"By statute, the limitations period for an opt-in plaintiff continues to run until the plaintiff files a written consent to join the action. 29 U.S.C. § 256(b). Nevertheless, the FLSA statute of limitations, like any other federal limitations period, is subject to the doctrine of equitable tolling." **Beetler v. Trans-Foam, Inc.**, 2011 WL 6130805, *4 (N.D. Ohio Dec. 8, 2011) (citing **Hughes v. Region VII Area Agency on Aging**, 542 F.3d 169, 187-88 (6th Cir. 2008)). "The doctrine applies 'only when a litigant's failure to meet a legally-mandated deadline unavoidably arose form circumstances beyond the litigant's control.'" **Id.** (quoting **Graham-Humphries v. Memphis Brooks Museum of Art, Inc.**, 209 F.3d 552, 560-61 (6th Cir. 2000)). Finally, "[a] plaintiff bears the burden to demonstrate why he is entitled to equitable tolling of the statute of limitations." **Id.** (citing **Roberts v. Simpson**, 624 F.3d 781, 784 (6th Cir. 2010); **Allen v. Yukins**, 366 F.3d 396, 401 (6th Cir. 2004)).

## II. <u>Analysis</u>

In the instant motion, Ruffin contends that this Court should toll the FLSA statute of limitations until it resolves her Motion to Facilitate Identification and Notification of Similarly Situated Employees. For the reasons that follow, this Court agrees.

"Several courts have allowed equitable tolling of FLSA claims where the case's litigation posture has delayed the court's consideration of the motion for conditional certification and notice. *See e.g.,* **Stickle v. SCIWestern Mkt. Support Ctr., L.P.**, 2008 WL 4446539, *21-22 (D. Ariz. Sept. 30, 2008) (equitably tolling the FLSA statute of limitations where court delaying ruling on the plaintiffs' collective action pending determination of defendant's motion to dismiss); **Adams v. Tyson Foods, Inc.**, 2007 WL 1539325, *2 (W.D. Ark. May 25, 2007) (tolling the statute of limitations pending a decisions by the MDL panel whether to transfer the case); **Beauperthuy v. 24 Hour Fitness USA, Inc.**, 2007 WL 707475, *8 (N.D. Cal. Mar. 6, 2007) (equitably tolling FLSA statute of limitations because of factors outside plaintiff's control, including litigation and the competition between attorneys that occurred during the settlement of related action)." **Perez v. Comcast**, 2011 WL 5979769, *2 (N.D. Ill. Nov. 29, 2011); *see also* **Helton v. Factor 5, Inc.**, 2011 WL 5925078, *2 (N.D. Cal. Nov. 28, 2011) (equitably tolling FLSA statute of limitations pending decision on plaintiffs' motion for conditional certification).

Like the cases listed above, this action presents a proper situation in which to apply the doctrine of equitable tolling. Ruffin moved for conditional certification on August 26, 2011, which the parties fully briefed by September 23, 2011. However, this Court subsequently decided that the FLSA setoff issue should be resolved before determining whether conditional certification should be granted. As such, this Court ordered briefing

scheduled to conclude on February 28, 2012. As a result, claims of putative opt-in plaintiffs could become time-barred before those potentially similarly-situated individuals receive notice of this action. This constitutes a circumstance beyond those individuals' control. Accordingly, this Court holds that the FLSA statute of limitations should be equitably tolled pending a determination on conditional certification.

## CONCLUSION

For the foregoing reasons, this Court concludes that the plaintiff's Motion for Equitable Tolling of the FLSA Statute of Limitations **[Doc. 60]** should be, and hereby is, **GRANTED**. Accordingly, this Court hereby tolls the FLSA statute of limitations until such time as the Court renders a decision on the plaintiff's Motion to Facilitate Identification and Notification of Similarly Situated Employees **[Doc. 27]**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 5, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE