**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**PATRICE RUFFIN, a/k/a "KARMA,"**

        Plaintiff,

**v.**                                           **Civil Action No. 3:11-CV-19
(BAILEY)**

**ENTERTAINMENT OF THE EASTERN
PANHANDLE, d/b/a THE LEGZ CLUBS, et al.,**

        Defendants.

## <u>ORDER REGARDING CLAIMED SET-OFFS</u>

Pending before this Court are Plaintiff's Motion for Partial Summary Judgment (Doc. 65) and Defendants' Cross Motion for Partial Summary Judgment as to Liability Only on Their Counterclaims for Breach of Contract and Unjust Enrichment as Setoffs (Doc. 71). In this action, plaintiff Patrice Ruffin a/k/a "Karma" ("Ruffin"), an exotic dancer, has sued her former exotic dance club, Entertainment of the Eastern Panhandle, Inc., d/b/a The Legz Clubs, among others (the "defendants"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and West Virginia Wage Payment and Collection Act ("WPCA"), W.Va. Code § 21-5-1, *et seq.* [Doc. 48]. Regarding the FLSA, Ruffin claims that though she was treated as an employee, she was not paid a minimum wage.

On November 23, 2011, this Court entered an Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss Defendants' Counterclaims [Doc. 53]. In that Order, this Court allowed to proceed the defendants' claims for breach of contract and unjust enrichment "to the extent that they seek an offset of performance fees against any award of minimum wages, assuming the defendants can prove that those performance fees

constituted service charges as opposed to tips."  Id. at 10.

At a status conference held December 16, 2011, this Court inquired as to the effect of a potential setoff on the plaintiff's minimum wage claim brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Counsel agreed that a setoff could have an impact on the viability of the FLSA claim.  As a result, the Court concluded that the setoff issue should be decided prior to any determination of whether an FLSA collective action should be conditionally certified.  Accordingly, upon plaintiff's counsel's suggestion, the Court directed that the issue be briefed.  The above motions and supporting memoranda are the result.

The uncontroverted evidence presented by the parties discloses that the defendants treated their exotic dancers as independent contractors and had them execute crude agreements wherein the dancers agreed to such an arrangement.  The defendants paid no wages to the dancers.  The defendants set minimum fees for various types of activity, as follows:

"for private dances at $30.00 for a table side dance, $100.00 for a shower

dance, and $150.00 for a champagne dance"

The dancers were allowed to charge whatever amount they desired for the above activities, so long as the amount equaled or exceeded the minimum set by the defendants. The defendants then required that each dancer pay a portion of the amount recovered to the defendants, as follows:

"$10 for each table-side dance, $30.00 for each shower dance, and $75.00

for each Champagne Room dance."

The dancers retained the balance of amounts that they received for private dances.

The defendants have asserted that, if they are found to be employers subject to the FLSA, they should receive a set off or credit for the funds received by the dancers, claiming that without such a credit or set off, the dancers would be unjustly enriched.

This Court, having reviewed the authorities cited by the parties as well as its independent research, finds that the most analogous and persuasive authority is ***Doe v. Cin-Lan, Inc.***, 2010 WL 726710 (E.D. Mich. February 24, 2010).  A portion of the facts of the case, as found by the District Court are as follows:

> Doe is a professional entertainer who performed as an exotic dancer at Cin-Lan's business on various occasions in 2007 and 2008.  Cin-Lan offers its entertainers the opportunity to perform as an entertainer employee or, alternatively, as an independent contractor pursuant to a written contract called a Dancer Performance Lease.  Through her actions, Doe represented to Cin-Lan that she agreed to the financial arrangement agreed to between the parties in the Lease, whereby she would retain a substantial portion of the mandatory dance fees paid by customers for individual dances, and pay to Cin-Lan a portion of the dance fees in the form of rent.  Doe would also be entitled to retain all amounts paid over and above the mandatory dance fees in the form of tips.
>
> . . .
>
> Cin-Lan maintained records concerning the number of dances and the price of dances performed, creating a record of the amounts Doe collected for dance fees, exclusive of tips she received.
>
> During each of Doe's performance dates, she collected dance fees far

in excess of the minimum wage, including at times, upwards of $75 per hour, exclusive of tips.  In accord with her agreement with Cin-Lan, Doe retained a portion of the proceeds from individual dance fees and retained all of her tips.  She agreed to an accounting of her collected dance fees and signed receipts generated by Cin-Lan at the end of each performance date, indicating her consent terms of the agreement outlined above.

Doe has repudiated that agreement and now seeks to retain *all* monies she received in the form of dance fees, seeks to have the dance fees reclassified as "tips," seeks return of all rents paid, and seeks an hourly wage in addition to the substantial fees she retained under the terms of the agreement.  Cin-Lan has abided by the terms of its agreement.  At no time prior to filing her complaint did Doe advise Cin-Lan or in any way claim entitlement to any of the rights provided by the FLSA or MWL.  After financially benefitting from the agreement with Cin-Lan, and representing to Cin-Lan that she wanted to be paid according to the parties' agreement, Doe now seeks payment of additional money and other benefits for all times that she performed as an entertainer at Cin-Lan's business.

2010 WL 726710, *1-*2 (citations to the record omitted)(emphasis in original).

Based upon the logic of ***Cin-Lan***, this Court finds that were this Court to hold that the plaintiff is an employee and entitled to the minimum wage, the defendant would likely be entitled to a set off or credit for that portion of the mandatory minimum dance fees which she retained.  This Court, as the Court in ***Cin-Lan*** does not accept the plaintiff's argument that the fees had to enter Cin-Lan's gross receipts.

The fly in the ointment for the defendants, however, is the fact that, unlike Cin-Lan, they kept no records of the amounts paid to them as a result of the plaintiff's efforts.  Since the defendants bear the burden of proving the amount of the mandatory minimum dance fees retained by the plaintiff, their claim fails, not from the lack of entitlement, but from the lack of adequate records.

For the reasons stated above,  Plaintiff's Motion for Partial Summary Judgment (Doc. 65) is **GRANTED** and Defendants' Cross Motion for Partial Summary Judgment as to Liability Only on Their Counterclaims for Breach of Contract and Unjust Enrichment as Setoffs (Doc. 71) is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** March 7, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE