# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**PATRICE RUFFIN, a/k/a "KARMA,"**

          Plaintiff,

v.                                               Civil Action No. 3:11-CV-19
                                                                    (BAILEY)

**ENTERTAINMENT OF THE EASTERN
PANHANDLE, d/b/a THE LEGZ CLUBS, et al.,**

          Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FACILITATE IDENTIFICATION AND NOTIFICATION OF SIMILARLY SITUATED EMPLOYEES

Pending before this Court is the plaintiff's Motion to Facilitate Identification and Notification of Similarly Situated Employees [Doc. 27], filed August 26, 2011. The defendants responded on September 16, 2011 [Doc. 33], and the plaintiff replied on September 23, 2011 [Doc. 34]. This Court, having reviewed the motion and the memoranda submitted with regard thereto, finds that the plaintiff's motion should be **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

In this action, plaintiff Patrice Ruffin a/k/a "Karma" ("Ruffin"), an exotic dancer, has sued her former exotic dance club, Entertainment of the Eastern Panhandle, Inc., d/b/a The Legz Clubs, among others (the "defendants"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and West Virginia Wage Payment and Collection Act ("WPCA"), W.Va. Code § 21-5-1, *et seq.* [Doc. 48]. Regarding the FLSA, Ruffin claims that

1

though she was treated as an employee, she was not paid a minimum wage. (Id. at ¶¶ 42-49).[1] As relief, Ruffin asks this Court to permit her FLSA claim for minimum wages to proceed as a collective action on behalf of herself and others similarly situated pursuant to 29 U.S.C. § 216(b) and to enter a judgment awarding these unpaid minimum wages. (Id. at 10).

The defendants have asserted the following four counterclaims: (1) conversion, (2) breach of contract, (3) fraud, and (4) unjust enrichment / accounting [Doc. 52]. The claims seek either an offset against any award of wages by the amount of private and semi-private performance fees Ruffin was allowed to keep as a result of allegedly electing to be classified as an independent contractor, or the return of those private and semi-private performance fees. (Id. at 26-27). The defendants also seek an accounting of the private and semi-private performance fees retained by Ruffin and the tips collected by Ruffin. (Id. at 27).

On August 26, 2011, Ruffin filed the instant Motion to Facilitate Identification and Notification of Similarly Situated Employees [Doc. 27], which contains two requests. First, Ruffin asks this Court to compel the defendants to produce to her counsel, within fifteen (15) days, a list of the full name, last known residential address, residential and cell phone numbers, work address, work phone number, date of birth, social security number, and e-mail address of each and every individual who worked for the defendants as an exotic dancer in all of the defendants' clubs in West Virginia between March 1, 2008, and the

---

[1] Ruffin also claims that the defendants' filing of counter claims constitutes unlawful retaliation in violation of the FLSA. (Id. at ¶¶ 66-78). However, because Ruffin seeks conditional certification of the minimum wage claim only, that claim is irrelevant to the instant motion.

present. (Id. at 1). Second, Ruffin asks this Court to approve a proposed Notice to prospective opt-in plaintiffs that she has attached to the instant motion.

Inherent in these requests is that this Court first grant conditional certification as an FLSA collective action. Recognizing that conditional certification is the first step, Ruffin has also attached an affidavit in which she describes her experience as an exotic dancer for the defendants and relates her personal knowledge regarding other similarly situated exotic dancers. Regarding her own experience, Ruffin states in pertinent part:

> 2. I was employed by [Defendants] as an exotic dancer from about November 2008 through October 2009.
>
> 3. At all times during the course of my employment with Defendants, my primary job duty was as an exotic dancer at Defendants' Legz Nightclub in Martinsburg, West Virginia.
>
> 4. During my term of employment with Defendants, I regularly worked about five (5) night shifts per week.
>
> 5. For each night shift I worked, Defendants required that I arrive at work at about 6:30 PM.
>
> 6. For each night shift that I worked, Defendants did not allow me to conclude my work duties until about 3:30 AM.
>
> 7. At all times while I was employed by Defendants, Defendants set and determined my rate and method of pay.
>
> . . .
>
> 9. At all times while I was employed by Defendants, Defendants set and decided my schedule.
>
> . . .
>
> 11. At all times while I was employed by Defendants, Defendants directed me as to what hours I was to work.
>
> . . .

3

> 13. At all times throughout my employment with Defendants, Defendants totally and completely failed and refused to pay me any wages for work duties I performed.
>
> . . .
>
> 17. When I performed work duties for Defendants, Defendants always provided the necessary facilities and equipment so that I could perform my job as an exotic dancer for Defendants.
>
> 18. At all times while I was employed by Defendants, Defendants had the ability to discipline me, fine me, and adjust my schedule.
>
> . . .
>
> 20. At all times, Defendants supervised my work duties to make sure my job performance was of sufficient quality.

([Doc. 27-1] at 1-2).

As for her personal knowledge regarding other similarly situated exotic dancers, Ruffin states as relevant here:

> 8. At all times while I was employed by Defendants, Defendants set and determined the rate and method of pay for all exotic dancers working for Defendants.
>
> . . .
>
> 10. At all times while I was employed by Defendants, Defendants set and decided the schedule for all exotic dancers working for Defendants.
>
> . . .
>
> 12. At all times while I was employed by Defendants, Defendants directed all exotic dancers as to what hours each dancer was to work.
>
> . . .
>
> 14. At all times throughout my employment with Defendants, Defendants totally and completely failed and refused to pay all exotic dancers any wages for work duties each dancer performed.

> . . .
>
> 15. At all times through my employment with Defendants, Defendants titled me and all other exotic dancers working for Defendants as independent contractors and not employees.
>
> 16. At all times through my employment with Defendants, I and all other exotic dancers working for Defendants were actually employees of Defendants and were never independent contractors.
>
> . . .
>
> 19. At all times while I was employed by Defendants, Defendants had the ability to discipline . . . all other exotic dancers, fine the other dancers, fire the other dancers, and adjust the other dancers' schedule[s].
>
> . . .
>
> 21. At all times, Defendants supervised all exotic dancers' work duties to make sure each dancers' job performance was of sufficient quality.
>
> 22. I have personal knowledge that at least seventy-five (75) dancers have been employed by Defendants as exotic dancers at Defendants' exotic dance clubs in West Virginia in the past three (3) years and that none of these exotic dancers were paid by Defendants at an hourly rate at least equal to the Federal Minimum Wage.
>
> 23. I have personal knowledge that the other similarly situated exotic dancers employed by Defendants have not joined this lawsuit because either (1) they do not have knowledge of their rights to Minimum Wage compensation; (2) they do not have knowledge of this lawsuit; or (3) they are afraid if they join this lawsuit, Defendants will retaliate against them and/or they will lose their employment with Defendants.

(Id. at 2-3).

On September 16, 2011, the defendants filed a Response [Doc. 33] in opposition to Ruffin's motion. First, the defendants argue that Ruffin has not met her burden for conditional certification as an FLSA collective action because she has failed to show sufficient personal knowledge about the conditions in the two other exotic dance clubs she

5

alleges the defendants operate in West Virginia. (Id. at 4-7). Second, the defendants argue that the Notice Ruffin proposes is inadequate in that it fails to inform prospective opt-in plaintiffs about the potential success of the defendants' counterclaims. (Id. at 7-10).

On September 23, 2011, Ruffin filed a Reply [Doc. 34], reiterating and supplementing her previous arguments in support of her motion. First, Ruffin argues that she has sufficiently shown personal knowledge in her affidavit of the other two exotic dance clubs because she has alleged a common policy of misclassifying dancers as independent contractors, treating them like employees, but failing to pay a minimum wage. (Id. at 3-6). Second, Ruffin argues that her proposed Notice need not include mention of the defendants' counterclaims because those claims have no merit.

On November 23, 2011, this Court entered an Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss Defendants' Counterclaims [Doc. 53]. In that Order, this Court allowed to proceed the defendants' claims for breach of contract and unjust enrichment "to the extent that they seek an offset of performance fees against any award of minimum wages, assuming the defendants can prove that those performance fees constituted service charges as opposed to tips." (Id. at 10).

## DISCUSSION

### I. Applicable Standard

Employees may bring a collective action under the FLSA on behalf of similarly situated employees. 29 U.S.C. § 216(b). A court "may authorize the named FLSA plaintiffs to send notice to all potential plaintiffs and may set a deadline for those potential plaintiffs to join the suit." ***Leuthold v. Destination America, Inc.***, 224 F.R.D. 462, 466 (N.D. Cal.

6

2004).  Potential plaintiffs may file a written consent with the court to opt in to the suit.  29 U.S.C. § 216(b).  Potential plaintiffs who do not opt in are not bound by the judgment and may bring a subsequent private action.  **Leuthold**, 224 F.R.D. at 466.

"[C]ourts generally follow a two-stage approach when deciding whether the named plaintiffs in an FLSA action are 'similarly situated' to other potential plaintiffs.  The 'notice stage' comes first; if the court makes the preliminary determination that notice should be given to potential class members, it 'conditionally certifies' the class and potential class members can then 'opt-in.'  After most of the discovery has taken place and the matter is ready for trial, the defendant can initiate the second stage of inquiry by moving to 'decertify' the class.  At that point, the court makes a factual determination as to whether the class is truly 'similarly situated.'" **Purdham v. Fairfax Count Pub. Schs.**, 629 F.Supp.2d 544, 547 (E.D. Va. 2009) (internal quotations and citations omitted).

"At the 'notice' stage, the burden on the plaintiff to show the existence of a putative class of 'similarly situated' persons is relatively light.  While the Fourth Circuit has not settled on a test for conditional certification in an FLSA action, *see* **Bernard v. Household Int'l, Inc.**, 231 F.Supp.2d 433, 435 (E.D. Va. 2002), the question arises with some regularity at the district level.  One case in [the Eastern District of Virginia] described the plaintiff's burden at the initial stage as relatively lenient, requiring only 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.' **Choimbol v. Fairfield Resorts, Inc.**, 475 F.Supp.2d 557, 563 (E.D. Va. 2006) (citations omitted).  Another specifically required the plaintiffs to show some evidence that other potential plaintiffs were similarly situated –

7

'[m]ere allegations will not suffice; some factual evidence is necessary.' **Bernard**, 231 F.Supp.2d at 435 (citing ***D'Anna v. M/A-COM, Inc.***, 903 F.Supp. 889, 893-94 (D. Md. 1995)). [In the latter case,] the court denied the plaintiffs' request for notice when they did not provide evidence sufficient 'to support allegations that defendant has a company-wide policy resulting in potential FLSA violations.' ***Id.***" **Purdham**, 629 F.Supp.2d at 548. Finally, "where multiple claims can be adjudicated efficiently because they share common underlying facts and do not require substantial individualized determinations for each class member, a court should conditionally certify the proposed class." ***Id.*** at 549.

**II.    Analysis**

   **A.    Conditional Certification**

Ruffin seeks conditional certification of her FLSA minimum wage claim for a class defined as follows: All former exotic dancers who worked for any of the defendants' three exotic dance clubs in West Virginia within the last three years and were not paid at an hourly rate at least equal to the federal minimum wage. (See [Doc. 27-1] at ¶ 22; [Doc. 27-2] at 3). In response, the defendants argue that Ruffin has not met her burden for conditional certification because she has failed to show sufficient personal knowledge about the conditions in the two other exotic dance clubs she alleges the defendants operate in West Virginia. For the reasons that follow, this Court will grant conditional certification as requested.

First, Ruffin states in her affidavit that she has "personal knowledge that at least seventy-five (75) dancers have been employed by Defendants as exotic dancers *at Defendants' exotic dance clubs in West Virginia* in the past three (3) years and that none

8

of these exotic dancers were paid by Defendants at an hourly rate at least equal to the Federal Minimum Wage." ([Doc. 27-1] at ¶ 22) (emphasis added). Thus, Ruffin has presented evidence in the form of her affidavit that she has personal knowledge regarding the conditions at the defendants' other two exotic dance clubs in West Virginia. The defendants have presented no evidence to the contrary.

Second, the defendants have affirmatively alleged in support of their counterclaims that they did not pay their exotic dancers any wage for work performed at any of their three exotic dance clubs in West Virginia. (See [Doc. 52] at 15-21). Instead, the defendants' policy was to characterize their exotic dancers as independent contractors. (Id.). As such, the defendants' own allegations support Ruffin's allegations in her affidavit that neither she nor any other exotic dancer working at the defendants' three exotic dance clubs was paid an hourly wage.

For these reasons, this Court finds that Ruffin has made a modest factual showing, which is confirmed by the defendants' own allegations, that she and other exotic dancers at the defendants' clubs were not paid an hourly wage at least equal to the federal minimum wage as part of a common policy. *See* **Roebuck v. Hudson Valley Farms, Inc.**, 239 F.Supp.2d 234, 238 (N.D.N.Y. 2002) (holding that for conditional certification purposes, a plaintiff "need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law"). Accordingly, this Court hereby **GRANTS** conditional certification for a class defined as follows:

> All former exotic dancers who worked for any of the defendants' three exotic dance clubs in West Virginia within the three years prior to January 12, 2012

9

and were not paid at an hourly rate at least equal to the federal minimum wage.

### B. Notice

Along with her motion, Ruffin has included a proposed Notice to be sent to the opt-in class [Doc. 27-2]. The defendants argue that the proposed Notice is insufficiently informative and needs to be revised to indicate that the opt-in plaintiffs may be subject to a number of counterclaims. In light of this Court's Order Regarding Claimed Set-Offs [Doc. 73], this Court cannot agree.

This Court hereby **ORDERS** the plaintiff to submit a revised proposed Notice to this Court within **14 days** of the entry of this Order. The defendants shall submit any objections to the revised Notice within **14 days** of the filing of the revised Notice.

### C. Order Compelling Discovery

Finally, Ruffin asks this Court to "[e]nter an Order compelling Defendants to produce to Plaintiff's counsel, within fifteen (15) days, a list of the full name, last known residential address, residential and cell phone numbers, work address, work phone number, date of birth, social security number, and e-mail address of each and every individual who worked for Defendants as an exotic dancer in all of Defendants clubs in West Virginia at any time from March 1, 2008 to the present[.]" ([Doc. 27] at 1). In response, "the Defendants note that they have never collected, and do not retain, all of the identifying information requested by the Plaintiff, but do have lesser amounts of identifying information as to the independent contractors who have performed in their cabarets during approximately the last year." ([Doc. 33] at 1 n.1).

Upon careful consideration of the above, this Court hereby **ORDERS** the defendants

to produce, within **14 days** of the date of this Order, the full names, the last known work and home addresses, the last known phone numbers, and the last known e-mail addresses of each and every individual who worked for the defendants as an exotic dancer in each of the defendants' three West Virginia dance clubs at any time from January 12, 2009, to the present.[2]

## CONCLUSION

For the reasons stated above, this Court finds that the plaintiffs' Motion to Facilitate Identification and Notice of Similarly Situated Employees **[Doc. 27]** should be, and hereby is, **GRANTED IN PART** and **DENIED IN PART**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: March 7, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Ruffin has also requested dates of birth and social security numbers of putative class plaintiffs. However, this Court finds that Ruffin has not established a need for this information and concludes that the other information ordered to be produced should be sufficient to provide notice to the opt-in class. See **Faust v. Comcast Cable Commc'ns Mgmt.**, 2011 WL 5244421, *6 n. 13 (Nov. 1, 2011) (rejecting request for contact information in addition to names and addresses because plaintiff had failed to establish need for the additional information).