IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

PATRICE RUFFIN, a/k/a "KARMA,"

        Plaintiff,

v.                                 CIVIL ACTION NO. 3:11-CV-19
                                       (JUDGE GROH)

ENTERTAINMENT OF THE EASTERN
PANHANDLE, d/b/a THE LEGZ CLUBS., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RULE 23 CLASS CERTIFICATION

Pending before the Court is the Plaintiff's Motion for Rule 23 Class Certification [Doc. 95], filed on June 18, 2012. The Defendants responded on July 12, 2012, and the Plaintiff replied on July 23, 2012. The Court, having reviewed the motion and memoranda submitted with regard thereto, finds that the Plaintiff's motion should be **GRANTED**.

## BACKGROUND

In this action, Plaintiff Patrice Ruffin a/k/a "Karma" ("Ruffin"), an exotic dancer, claims her former exotic dance club, Entertainment of the Eastern Panhandle, Inc., d/b/a The Legz Clubs, among others (the "Defendants"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., and the West Virginia Wage Payment and Collection Act ("WPCA"), W.Va. Code §21-5-1, et seq. [Doc. 48].

Regarding the WPCA, Ruffin claims the Defendant did not pay her and other dancers wages. Instead, Ruffin claims the Defendants required the dancers to pay the Defendants certain charges and fees out of their tips. Specifically, the Plaintiff alleges that

the Defendants required her to pay $10.00 for each "private dance" which she performed, $40.00 for each session in the "Champaign Room," $30.00 for each session in the "shower show," $10.00 each night to the Defendants' bartender, $10.00 each night to the Defendants' disk jockey, and $5.00 - $10.00 on any night that she arrived late. According to the Plaintiff, these charges were assignments of wages within the meaning of the WPCA. The Plaintiff alleges that the Defendants did not have written authorization from the Plaintiff or any other dancer similarly situated for wage assignments as required by W. Va. Code §21-5-3, and as such, the Defendants failed to pay the Plaintiff and other dancers similarly situated all wages due to them as required by the WPCA. The Plaintiff "brings this claim under the WPCA on behalf of herself and other dancers who were required to pay Defendants charges for work performed, including charges for private dances, champagne room dances, shower shows, disk jockey fees, bartender fees and penalties including penalties for arriving late to work pursuant to FED. R. CIV. P. 23."

The Defendants, who classify all exotic dancers who dance at their clubs as independent contractors, have counterclaims against the Plaintiff for both breach of contract and unjust enrichment, as an offset of performance fees against any award of minimum wages. See Order Granting in Part and Denying in Part Def.'s Mot. for Reconsideration [Doc. 79] at 11 (April 25, 2012).

By Order dated March 7, 2012, this Court previously conditionally certified an FLSA collective on behalf of the Plaintiff and others similarly situated pursuant to 29 U.S.C. §216(b). The Plaintiff now moves this Court to certify a class action with regard to her WPCA claims pursuant to FED. R. CIV. P. 23. The Plaintiff also requests that this Court appove a proposed Notice to prospective Rule 23 class members which she has attached

2

to the instant motion.

The Plaintiff seeks a certified class consisting of "[a]ll persons who, during the period of March 8, 2006 and continuing through the entry of judgment in this case, performed as an entertainer at one or more of Defendants' three exotic dance clubs in West Virginia." The Plaintiff argues that such a proposed class would meet all of the requirements of FED. R. CIV. P. 23(a)-(b).

On July 12, 2012, the Defendants filed a Response [Doc. 107], in opposition to the Plaintiff's motion. First, the Defendants argue this Court should decline to exercise supplemental jurisdiction over the Plaintiff's state law claims because of the "inherent tension whenever a federal court entertains a collective action under the FLSA together with a state law claim in which class certification is sought under Civil Rule 23(b)(3)." The Defendants next argue that the Plaintiff is not an adequate class representative. Finally, the Defendants argue that the Plaintiff's state claims are not amenable to class-wide resolution, because damages would have to be calculated separately for each individual class member, considering both their individual wages and any potential offset based upon the Defendants' counterclaims.

On July 23, 2012, the Plaintiff filed a Reply [Doc. 107], reiterating and supplementing her previous arguments. First, the Plaintiff argues that supplemental jurisdiction over the Plaintiff's state claims is both proper and warranted. Second, the Plaintiff argues that her claims are typical for Rule 23 purposes, that she is an adequate class representative, and that her claims are well suited for class-wide resolution, because the need for some individualized proof of damages after the liability stage will not defeat class certification.

## DISCUSSION

### I.   Supplemental Jurisdiction Over State Law Claims

As an initial matter, the Court must address the Defendants' argument that the Court should decline to exercise supplemental jurisdiction over the Plaintiff's state law claims. Under 28 U.S.C. §1367(a), a court with original jurisdiction over any claim may exercise supplemental jurisdiction over other related claims that form part of the same case or controversy. "[O]nce a district court ha[s] valid jurisdiction over a federal claim, it [can], in its discretion, exercise supplemental jurisdiction over additional state claims if they [arise] out of 'a common nucleus of operative fact' such that the plaintiff would ordinarily be expected to try the claims in one judicial proceeding." *White v. County of Newberry*, 985 F.2d 168, 171 (4th Cir. 1993) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

28 U.S.C. §1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:
>
> (1)   the claim raises a novel or complex issue of State law,
>
> (2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)   the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Defendants argue that an inherent tension exists between an FLSA collective

4

action pursuant to 29 U.S.C. §216, which requires potential class members to affirmatively opt into the class if they wish to participate in the suit, and a Rule 23 class action, which requires plaintiffs to affirmatively opt out if they do not wish to participate in the suit. The Defendants argue that "[i]n this light, permitting a supplemental state-law claim to add a substantial number of opt-out plaintiffs to a smaller, FLSA opt-in class, frustrates Congressional intent even when the state labor law claims at issue are substantially similar—if not identical to—the FLSA claims asserted in the federal portion of the suit."

The Defendants observe that the opt-in period for the FLSA collective action has now ended, and that of the 157 entertainers identified by the Defendants, only 16 opted into the FLSA collective, while 141 did not. The Defendants argue that "to allow plaintiffs to achieve, through state law class action claims, the sort of leverage in litigation that Congress eschewed in amending Section 216(b) [to provide for opt-in classes in FLSA actions] thwarts the will of Congress and disregards a clear public policy choice."

The Defendants rely primarily on two cases originating in the Third Circuit as support for their position: *DeAscencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3rd Cir. 2003), and *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178 (M.D. Pa. 2008). The Defendants acknowledge that the Third Circuit is the only circuit which has found the disparity between opt-in and opt-out classes to constitute a categorical basis for denying state law class certification.

The United States Court of Appeals for the Fourth Circuit has not addressed the issue. However, several district courts within the Fourth Circuit routinely permit such cases to go forward. *See, e.g., Calderon v. Geico General Ins. Co.*, 279 F.R.D. 337 (D. Md.

2012); **Romero v. Mountaire Farms, Inc.**, 796 F.Supp.2d 700 (E.D.N.C. 2011); **McLaurin v. Prestage Foods, Inc.**, 271 F.R.D. 465 (E.D.N.C. 2010); **Reed v. Code 3 Security and Protection Services, Inc.**, 2009 WL 5177283 (D. Md. 2009); **Jiminez-Orozco v. Baker Roofing Co.**, 2007 WL 4568972 (E.D.N.C. 2007); and **Beltran-Benitez v. Sea Safari, Ltd.**, 180 F.Supp.2d 772 (E.D.N.C. 2001). Sound reasoning supports such decision since:

> [T]here is considerable logic from a case management standpoint in allowing both actions to proceed in the same case. To do otherwise would not only be inefficient, but also would increase the risk of inconsistent adjudications of claims based on identical facts and arising under parallel federal and state laws.

**Calderon**, 279 F.R.D. at 342.

In **Butler v. DirectSat USA, LLC**, 800 F.Supp.2d 662 (D. Md. 2011), the United States District Court for the District of Maryland looked to the United States Court of Appeals for the Seventh Circuit's decision in **Ervin v. OS Rest. Servs., Inc.**, 632 F.3d 971 (7th Cir. 2011). The Seventh Circuit addressed the situation in which Rule 23 classes and FLSA classes have different membership and reasoned:

> In the case before us, the Rule 23(b)(3) class and the federal collective action are each comprised of a set of employees, asserting injuries under either state or federal law. Should either or both groups prevail on the merits, each group member will receive only the relief that is prescribed under the law governing her part of the case. Some may be part of both the FLSA group and the Rule 23 class; some may be in one but not the other. We conclude that there is nothing in the FLSA that forecloses these possibilities.

**Ervin**, 632 F.3d at 978.

Moreover, where, as here, "the state law claims 'essentially replicate the FLSA

6

claims,' the state law claims 'plainly do not predominate,'" even where "the class action on the state law claims could involve many more plaintiffs than the collective action on the FLSA claims." **Romero v. Mountaire Farms, Inc.**, 796 F.Supp.2d 700, 711 (E.D.N.C. 2011) (citing **Lindsay v. Gov't Employees Ins. Co.**, 448 F.3d 416, 425 (D.C. Cir. 2006)).

Furthermore, the instant case presents none of the factors contained within 28 U.S.C. §1367(c). First, this Court has original jurisdiction over the Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331. The Defendants do not deny that both the Plaintiff's FLSA claims and her WPCA claims arise out of a "common nucleus of operative fact."

Second, the Defendants do not allege that this matter will present the Court with an issue of first impression or a novel or complex issue of state law.

Third, the state claims do not substantially predominate over the federal claims. "Predomination under section 1367 generally goes to the type of claim, not the number of parties involved." **DeAscencio v. Tyson Foods, Inc.**, 342 F.3d at 311. It is true that some courts, including the United States Court of Appeals for the Third Circuit in **DeAscencio**, have concluded that "the disparity in numbers of similarly situated plaintiffs may be so great that it becomes dispositive." **DeAscencio**, 342 F.3d at 311. **DeAscencio**, however, involved an FLSA class of 447 persons, and a Rule 23 class of 4,100 persons. **Id.** at 305. However, the Third Circuit's decision in **DeAscencio** also rested on the fact that the plaintiffs' case involved novel and complex issues of state law that would require considerably more factual development than the FLSA claim. See **Id.** at 311.

The instant case involves a similar proportion of FLSA class members to Rule 23

7

class members as **DeAscencio**. **DeAscencio** involved 447 FLSA members and 4,100 Rule 23 members, which amounts to .109 FLSA members for every Rule 23 member. The instant case involves 16 FLSA members and 157 Rule 23 members, which amounts to .101 FLSA members for every Rule 23 member. However, the instant case does not involve complex or novel state law claims. *See* **Romero v. Mountaire Farms, Inc.**, 796 F.Supp.2d at 711 ("[w]hile the class action on the state law claims could involve many more plaintiffs than the collective action on the FLSA claims, the substance and basis of the FLSA and the state law claims are virtually indistinguishable." (citing **Lindsay**, 448 F.3d at 425)).

As previously set forth in this Order, a collective action under the FLSA can be accompanied by a Rule 23 class action asserting state-law claims. Thus, no "exceptional circumstances" or "compelling reasons" exist for the Court to decline jurisdiction under 28 U.S.C. §1367(c)(4).

The jurisdictional issues having been addressed, the Court's analysis now turns to whether or not the Plaintiff can make the requisite showing for class certification pursuant to Rule 23.

## II.  Rule 23 Class Certification

"Class certification is strictly a procedural matter, and the merits of the claims at stake are not to be considered when deciding whether to certify a class." **Eisen v. Carlisle & Jacqueline**, 417 U.S. 156, 177 (1974); **Hewlett v. Premier Salons International, Inc.**, 185 F.R.D. 211, 214 (D. Md. 1997). "A district court has broad discretion in deciding whether to certify a class." **Thorn v. Jefferson-Pilot Life Ins. Co.**, 445 F.3d 311, 317 (4th

Cir. 2006) (quoting *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001).

"[P]laintiffs bear the burden . . . of demonstrating satisfaction of the Rule 23 requirements and the district court is required to make findings on whether the plaintiffs carried their burden . . . ." *Thorn*, *supra* (quoting *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 370 (4th Cir. 2004).

Furthermore, a district court must conduct a "rigorous analysis" to ensure compliance with Rule 23, paying careful attention to the requirements of the Rule. *Thorn*, *supra*, at 318; *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 365 (4th Cir. 2004). In *Gariety*, the Fourth Circuit has set forth the requirements for class certification:

> A district court may, in its discretion, order that an action proceed as a class action only if it finds that the requirements of Federal Rule of Civil Procedure 23 have been satisfied. Every class action must satisfy the four requirements of Rule 23(a)—numerosity, typicality, commonality, and adequacy of representation, with "the final three requirements ... 'tend[ing] to merge.'" *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 337 (4th Cir.1998) (quoting *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157, n. 13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). In addition, a proposed class must also satisfy the requirements of one of the three Rule 23(b) categories. In this case, the plaintiffs requested certification of the class under Rule 23(b)(3), which requires the court to find (1) that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" (the predominance requirement), and (2) that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (the superiority requirement). Rule 23(b)(3)'s predominance requirement is "far more demanding" than Rule 23(a)'s commonality requirement and "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

*Gariety*, 368 F.3d at 362.

## III. Rule 23 Analysis

In this case, the Plaintiff wishes to represent a class consisting of "[a]ll persons who, during the period of March 8, 2006 and continuing through the entry of judgment in this case, performed as an entertainer at one or more of Defendants' three exotic dance clubs in West Virginia."

### A. Rule 23(a)

FED. R. CIV. P. 23(a) provides that one or more members of a class may bring an action on behalf of members of the class if: (1) the class is so numerous that joinder of all members is impractical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

#### 1. Numerosity

The first requirement of Rule 23(a) is that the class must be of such a size that joinder of all members is impracticable. "Impracticable does not mean impossible." **Robidoux v. Celani**, 987 F.2d 931, 935 (2d Cir. 1993). Practicability of joinder depends on factors such as the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion. **Buford v. H&R Block, Inc.**, 168 F.R.D. 340, 348 (S.D. Ga. 1996) (citing **Kilgo v. Bowman Transp., Inc.**, 789 F.2d 859, 878 (11th Cir. 1986)). The size of individual claims is another factor to consider; where individual claims are so small as to inhibit an individual from pursuing his own claim, joinder is less likely. **Id.** (citing **Luyando v. Bowen**, 124 F.R.D.

10

52, 55 (S.D.N.Y. 1989)); *Hewlett v. Premier Salons International, Inc.*, 185 F.R.D 211, 215 (D. Md. 1997).

There is no bright line test for determining numerosity; the determination rests on the court's practical judgment in light of the particular facts of the case. *Buford, supra* (citing *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 371 (D. Del. 1990)). The class representatives are not required to specify the exact number of persons in the proposed class. *Kernan v. Holiday Universal, Inc.*, 1990 WL 289505, *2 (D. Md. 1990) (citing *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989)). An unsubstantiated allegation as to numerosity, however, is insufficient to satisfy Rule 23(a)(1). *Buford, supra* (citing *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981)).

In the instant case, the Defendants do not contest the numerosity of the proposed class. In fact, one of the reasons the Defendants argue that this Court should decline jurisdiction over the Plaintiff's state law claims is because there are *so many* putative Rule 23 class members that they would dwarf the FLSA class. The Court finds a putative class of approximately 157 exotic dancers sufficiently numerous to make joinder impracticable, and Rule 23(a)(1) is thus satisfied.

### 2. Commonality

Rule 23(a)(2) requires common questions of law or fact among the members of the class. This "commonality" requirement has been liberally construed and "those courts that have focused on Rule 23(a)(2) have given it permissive application so that common questions have been found to exist in a wide range of contexts." *Haywood v. Barnes*, 109 F.R.D. 568, 577 (E.D.N.C. 1986). "The inquiry is not whether common questions of law

11

or fact predominate, but only whether such questions exist." *Hewlett v. Premier Salons Intern., Inc.*, 185 F.R.D. 211, 216 (D. Md. 1997). Thus, minor differences in the facts do not preclude a finding of commonality and a "single common question of law or fact" satisfies the requirement. *Mitchell-Tracy v. United General Title Ins. Co.*, 237 F.R.D. 551, 557 (D. Md. 2006).

In this case, at least two common questions of fact and law exist: (1) whether the entertainers were employees within the meaning of the WPCA; and (2) whether Defendants' practice of requiring the dancers to pay various fees and fines violates the assignment provisions of the WPCA. Accordingly, this Court finds the commonality factor satisfied.

### 3. Typicality

"Typicality requires that the claims of the named class representatives be typical of those of the class; 'a class representative must be a part of the class and possess the same interest and suffer the same injury as the class members.'" *Leinhart v. Dryvit Systems, Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) (quoting *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147 (1982)).

"[T]o satisfy the typicality requirement, the named representatives' claims must have the same essential characteristics as the claims of the purported class." *Tipton v. Secretary of Educ.*, 1993 WL 545724 *7 (S.D. W. Va. 1993) (quoting *De La Fuente v. Stokely Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)); *Westfall v. Kendle Intern., CPU, LLC*, 2007 WL 486606 (N.D. W. Va. 2007).

"Typicality determines whether a sufficient relationship exists between the injury to

12

the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Zapata v. IBP, Inc.*, 167 F.R.D. 147, 160 (D. Kan. 1996). "So long as the plaintiffs and the class have an interest in prevailing in similar legal claims, then the typicality requirement is satisfied." *Buford v. H&R Block*, 168 F.R.D. 340, 350-51 (S.D. Ga. 1996) (citing *Meyer v. Citizens and Southern Nat'l Bank*, 106 F.R.D. 356, 361 (M.D. Ga. 1985)).

The Defendants posit a challenge to the Plaintiff's ability to typify the putative class. The Defendants assert that many of the putative class members may have refrained from participating in the FLSA collective precisely because they may want to be classified as independent contractors. Hence, the Defendants allege that a conflict of interests exists between the Plaintiff and many of the putative class members, because "some 140 putative class members rejected the chance to participate in the FLSA collective [and] [i]n doing so, they rejected the Plaintiff as their representative, and rejected her counsel as their counsel."

As the Plaintiff correctly observes, however, failing to opt-in to an FLSA collective is not the same as rejecting the action. Members will have a choice to opt-out and reject the Plaintiff's claims and counsel later pursuant to Rule 23. For the same reasons that commonality is present in this case, typicality is present, as well. The Defendants have admitted that they uniformly classified each and every putative class member as an independent contractor, and that they required each and every member of the putative class to pay various charges in order to dance at the Defendants' clubs. Therefore, the Plaintiff's claims arise from the same course of conduct as that of the putative class

members, and the same legal theory underlies the claims of each. Therefore, the Court finds the typicality requirement to be satisfied.

### 4. Adequacy of Representation

"To adequately represent the class, the 'class representative must be part of the class and "possess the same interest and suffer the same injury" as the class members.'" *Amchem Products, Inc.*, 521 U.S. 591, 625-26 (1997) (quoting *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)); *Westfall, supra*, at *14. "Representativeness requires that the class representatives 'will fairly and adequately protect the interests of the class.'" *Lienhart, supra* at 146-47.

"Courts have broken down the requirement into an evaluation of (1) whether class counsel are qualified, experienced, and generally able to conduct the proposed litigation; and (2) whether the representative's claims are sufficiently interrelated to and not antagonistic with the class's claims as to ensure fair and adequate representation." *Buford*, 168 F.R.D. at 351 (citing *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985)); *Zapata*, 167 F.R.D. at 160 (citing *Falcon*, 457 U.S. at 157 n.13)); *Hewlett, supra* at 218.

This Court finds that the representative's claims in seeking redress for the alleged violations of the WPCA are sufficiently interrelated with the claims of the purported class.

The Defendants assert that this is the fourth FLSA action that the Plaintiff has brought or joined, together with her counsel, in the last two years. In at least one of those cases, the Plaintiff settled and voluntarily dismissed the case prior to approval and mailing of the FLSA opt-in-notice or the certification of a Rule 23 class. The Defendants argue that "[t]hese are not the actions of a plaintiff who stands to independently advance and

14

protect the interests of the class she purports to represent."

The Plaintiff rejoins that in none of her other court cases did the Plaintiff move for Rule 23 class certification. The Plaintiff asserts that the Defendants have proffered no evidence to suggest that in the Plaintiff's other court cases, the private resolution of the Plaintiff's claims against other exotic dance clubs negatively affected any putative class member.

The Court notes that the Plaintiff's three other lawsuits have been against other exotic dance clubs where the Plaintiff formerly worked. The instant situation is thus very different from the case cited by the Defendants, *In re Graphics Processing Units Antitrust Litigation*, 253 F.R.D. 478 (N.D. Cal. 2008), in which the district court disqualified a class representative who had a "nine-year history with his counsel," an "apparent propensity to thrust himself into class action suits," and who had apparently purchased the product at the heart of that litigation one week before filing his complaint, which the court found to be "contriving litigation." *See Id.* at 498.

The Defendants argue that an "assess[ment] [of the Plaintiff's] honesty, credibility, and trustworthiness" reveals that the Plaintiff is not an adequate class representative. First, the Defendants argue that inasmuch as "what the plaintiffs earned directly, and in cash, is a question at the heart of this litigation," "it is telling that Plaintiff Ruffin seems not to have filed a state or federal tax return in the last six years." The Defendants argue that the Plaintiff's "inability to testify to her past income, and her presumptive willingness to ignore her obligations to report that income, makes her singularly inappropriate as a class representative in an action where disputed earnings lie at the heart of the case."

The Court finds allegations regarding the Plaintiff's lack of personal credibility to be of limited relevance to the Court's determination in this matter, where the Defendants' treatment of the putative class members as independent contractors is not in dispute. Rather, the question in this matter is whether the Defendants' admitted policies and practices are lawful under the circumstances. *See, e.g., **McCall v. Drive Financial Services, L.P.**,* 236 F.R.D. 246, 251 n.7 (E.D. Pa. 2006) ("[c]redibility is simply irrelevant in this case, where the dispute between plaintiffs and defendants is legal, not factual."); ***Seawell v. Universal Fidelity Corp.***, 235 F.R.D. 64, 66 (E.D. Pa. 2006) (finding credibility irrelevant where class action dispute was legal, not factual).

"In the absence of proof to the contrary, courts presume that class counsel is competent and sufficiently experienced to prosecute vigorously the action on behalf of the class." ***Hewlett***, *supra* at 218 (citing ***Zapata***, 167 F.R.D. at 161). The Defendants have not raised any issue with regard to counsel for the Plaintiff's competency. Accordingly, this Court finds that the Plaintiff has satisfied the requirement of adequacy of representation.

## B.    Rule 23(b)

The Plaintiff must also satisfy the requirements of Rule 23(b)(3). "In contrast to actions under Rule 23(b)(1) and (b)(2), Rule 23(b)(3) actions are '[f]ramed for situations in which class-action treatment is not as clearly called for,' but 'may nevertheless be convenient and desirable.'" ***Amchem Prods., Inc. v. Windsor***, 521 U.S. 591, 615 (1997) (internal quotations omitted). In addition to the four Rule 23(a) requirements, Rule 23(b)(3) actions such as this one must meet two requirements: predominance and superiority. Predominance requires that "[common] questions of law or fact . . . predominate over any

16

questions affecting only individual members." FED. R. CIV. P. 23(b)(3). The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." **Amchem**, 521 U.S. at 623. Superiority requires that a class action be "superior to other methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3); **Lienhart v. Dryvit Systems, Inc.**, 255 F.3d 138, 147 (4th Cir. 2001).

Rule 23(b)(3)'s predominance requirement is "far more demanding" than Rule 23(a)'s commonality requirement and "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." **Amchem**, 521 U.S. at 623-24; **Gariety v. Grant Thornton, LLP**, 368 F.3d 356, 362 (4th Cir. 2004). The predominance requirement is similar to but "more stringent" than the commonality requirement of Rule 23(a). **Lienhart**, 255 F.3d at 146 n. 4. Whereas commonality requires little more than the presence of common questions of law and fact, see **Id.** at 146, Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3); **Thorn v. Jefferson-Pilot Life Ins. Co.**, 445 F.3d 311, 319 (4th Cir. 2006).

Rule 23(b)(3) provides that an action may be maintained as a class action if, in addition to meeting the prerequisites of Rule 23(a), the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These requirements are typically referred to as predominance and superiority. "Although easy to state, these prerequisites become rather opaque when an attempt is made to apply them . . . [t]he truth is that if one reads

17

fifty or even a hundred cases involving predominance and superiority, a clear picture of what is happening under Rule 23(b)(3) does not emerge . . . [a] DaVinci or Michaelangelo could not draw a straight line through the subdivision (b)(3) cases." **Buford v. H&R Block, Inc.**, 168 F.R.D. 340, 355 (S.D. Ga. 1996) (quoting Miller, *An Overview of Federal Class Actions* 48); **Hewlett v. Premier Salons Intern., Inc.**, 185 F.R.D. 211, 219 (D. Md. 1997).

"In determining whether the predominance standard is met, courts focus on the issue of liability." **Zapata v. IBP, Inc.**, 167 F.R.D. 147, 165 (D. Kan. 1996) (citing **Gold Strike Stamp Co. v. Christensen**, 436 F.2d 791, 796 (10th Cir. 1970); **United Telecommunications, Inc. Sec. Lit.**, 1992 WL 309884, *3 (D. Kan. 1992)). If the liability issue is common to the class, common questions are held to predominate over individual ones. Where, however, the issue of liability turns on something peculiar to the individual plaintiffs, such as the plaintiffs' responses or states of mind, then common questions have been held not to predominate. **Hewlett,** *supra* at 220.

As stated before, there are two primary issues common to the entire putative class: (1) whether the entertainers were employees within the meaning of the WPCA; and (2) whether Defendants' practice of requiring the dancers to pay various fees and fines violates the assignment provisions of the WPCA. Clearly, the question of liability is common to the entire class. If the Defendants legally misclassified dancers as independent contractors, then the misclassification applied to all of the dancers making up the putative class. Accordingly, this Court finds that common issues predominate over any individual issues.

While the Fourth Circuit has held that the need for individualized proof of damages

may defeat predominance where proof of damages is essential to liability, *Lienhart, supra* at 147 (citing *Windham v. American Brands*, 565 F.2d 59, 66 (4th Cir. 1977)), "[i]f the computation of damages, following a ruling in favor of the class is largely a mechanical task, then the existence of individualized claims for damages seems to offer no barrier to class certification." *Hewlett, supra* at 220; *see also Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 428 (4th Cir. 2003) (the need for some individualized proof of damages after the liability stage will not defeat class certification and "courts usually require individual proof of the amount of damages."). Based upon the foregoing, the Court finds the predominance requirement to be satisfied.

The superiority requirement ensures that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). Among the factors a district court should consider in deciding whether a class action meets these two requirements are:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

*Thorn, supra* at 319.

A consideration of these factors in the context of the instant case weighs in favor of certification. Given the cost of litigation relative to any likely recovery, the Court finds it unlikely that the majority of putative class members would have any interest in

19

maintaining a separate action. While the Plaintiff pursued similar lawsuits against different defendants, the Court is not aware of any litigation concerning the instant controversy already commenced by or against members of the putative class. The Court finds it desirable to concentrate the litigation in this forum, where the Defendants' places of business are located and where a large number of putative class members presumably reside. Finally, this Court finds it unlikely any difficulties will arise other than the typical issues of language of the notice and provision of the notice to class members.

Accordingly, this Court **FINDS** the superiority requirement to have been satisfied. This Court will certify a Rule 23(b)(3) class consisting of all persons who, during the period of March 8, 2006 and continuing through the entry of judgment in this case, performed as an entertainer at one or more of Defendants' three exotic dance clubs in West Virginia.

## IV.    Notice

As a final matter, this Court has approved the proposed notice to potential class members which is **attached hereto**. Either party may submit comments and/or criticisms of the proposed notice within ten days of the entry of this Order.

## V.    Conclusion

Based upon the foregoing, the Plaintiff's Motion for Rule 23 Class Certification **[Doc. 95]** is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or pro se parties.

**DATED:** November 9, 2012.

HON. GINA M. GROH
UNITED STATES DISTRICT JUDGE