IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

PATRICE RUFFIN, a/k/a "KARMA,"
on behalf of herself and all others
similarly situated,

        Plaintiff,

v.                                        CIVIL ACTION NO. 3:11-CV-19
                                             (JUDGE GROH)

ENTERTAINMENT OF THE EASTERN
PANHANDLE, INC., d/b/a THE LEGZ
CLUBS, et al.,

        Defendants.

## AMENDED ORDER GRANTING JOINT MOTION FOR FINAL SETTLEMENT APPROVAL AND GRANTING PLAINTIFF'S AND PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, SETTLEMENT ADMINISTRATION EXPENSES, AND NAMED PLAINTIFF INCENTIVE AWARD

The parties have jointly moved for an order granting final approval to a Fair Labor Standards Act ("FLSA") Collective and Rule 23 Class Action settlement on the terms and conditions set forth in the parties' Second Revised Settlement Agreement [Doc. 160]. Plaintiff and Plaintiff's Counsel have moved for attorneys' fees, litigation expenses, settlement administration expenses, and an incentive award for the Named Plaintiff [Doc. 161].

The Court finding that due notice of the Second Revised Settlement Agreement has been given and the Class Members and FLSA Collective Members have been afforded a full and fair opportunity to make any objections to the Second Revised Settlement Agreement, the Court having reviewed and considered all papers filed in connection with

these motions, including the Second Revised Settlement Agreement, and all exhibits annexed thereto, as well as all of the files, records, and proceedings in this case, and the Court having held the Final Fairness Hearing on September 27, 2013 regarding the Second Revised Settlement Agreement and all submissions related thereto, and the Court otherwise having been fully advised in the premises, **IT IS HEREBY ORDERED**:

1. The Court finds that the Notices approved by the Court in its Order entered on March 28, 2013 [Doc. 148] and the Notices of Changes in Settlement Terms approved by the Court in its Order granting preliminary approval to the Second Revised Settlement Agreement entered on August 16, 2013 [Doc. 159] were provided to all Plaintiffs who either opted into the FLSA portion of the case and/or did not opt out of the Rule 23 portion, that the Notices and Notices of Changes in Settlement Terms fully and accurately informed all Class Members and Collective Members of all material elements of the Second Revised Settlement Agreement and their legal rights thereunder, and that the Notices and Notices of Changes in Settlement Terms constituted the best notice practicable under the circumstances and fully complied with Rule 23 of the Federal Rules of Civil Procedure, section 216(b) of the FLSA, and the United States Constitution.

2. The Court finds that, after proper notice to the Class Members and FLSA Collective Members with sufficient opportunity to object to the Second Revised Settlement Agreement, there were no objections filed, timely or otherwise, to the Second Revised Settlement Agreement.

3. The Court finds that the Second Revised Settlement Agreement is fair, reasonable, and adequate, is a fair and reasonable resolution of a *bona fide* dispute under the

FLSA, and is finally **APPROVED**.

4. The parties are ordered to distribute the settlement fund as allocated in Exhibit 3 to the parties' Joint Motion for Final Settlement Approval, and as updated at the Final Fairness Hearing, in accordance with the payment schedule outlined in the Second Revised Settlement Agreement. Of the $347,000 Gross Settlement Amount, $194,500 shall be paid to the FLSA Collective Members and Rule 23 Class Members over time, as allocated on Exhibit 3 to the parties' Joint Motion for Final Settlement Approval and updated at the Final Fairness Hearing. No payments shall be made to the two individuals who excluded themselves from the settlement.

5. A contingency fund made up of $1000 from the Gross Settlement Amount shall be held in trust by the law firm of Nichols Kaster, PLLP through April 16 of the year following full settlement payment.

6. The Court finds that an award of attorneys' fees of $138,000 from the Gross Settlement Amount is fair, reasonable, and adequate under the circumstances. This amount shall be paid to the law firms of Nichols Kaster, PLLP, The Zipin Law Firm, LLC, and Garry G. Geffert for services to the FLSA Collective and Rule 23 Class to date.

7. From the Gross Settlement Amount, $10,000 shall be paid to the law firms of Nichols Kaster, PLLP, The Zipin Law Firm, LLC, and Garry G. Geffert as reimbursement for litigation costs and expenses advanced in this litigation to date. The Court finds that these costs and expenses are fair, reasonable, and adequate.

8. From the Gross Settlement Amount, $2,000 shall be paid to the law firms of Nichols Kaster, PLLP, The Zipin Law Firm, LLC, and Garry G. Geffert as reimbursement for

settlement administration expenses incurred from August 1, 2013 until the end of the settlement process. The Court finds that these expenses are fair, reasonable, and adequate.

9. From the Gross Settlement Amount, $1,500 shall be paid to the Named Plaintiff, Patrice Ruffin, as an Incentive Award for her efforts in this litigation. The Court finds that this award is fair, reasonable, and adequate.

10. Judgment is so entered in this matter. The claims of the FLSA Collective Members and Rule 23 Class Members are hereby **DISMISSED WITH PREJUDICE**. Further, Defendants' counterclaims against the FLSA Collective Members and Rule 23 Class Members are also **DISMISSED WITH PREJUDICE**.

11. The two individuals who requested exclusion from the settlement do not release their claims, and instead their claims are hereby **DISMISSED WITHOUT PREJUDICE**. Defendants' counterclaims against them are also **DISMISSED WITHOUT PREJUDICE**.

12. The Court shall retain jurisdiction over the Parties to the Second Revised Settlement Agreement only for the purpose of (a) supervising the implementation, enforcement, construction, and interpretation of the Second Revised Settlement Agreement, (b) supervising the administration and distribution of the Settlement Fund, and (c) resolving any disputes that may arise with respect to any of the foregoing.

13. This Order is a Final Judgment and is immediately appealable.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or

*pro se* parties.

    **DATED:** October 1, 2013.

_____<br>
GINA M. GROH<br>
UNITED STATES DISTRICT JUDGE